### Cabell, Administratrix, et al. v. Mutual Benefit Life Insurance Company.

(Decided March 6, 1914.)

Appeal from Warren Circuit Court.

Insurance, Life—Policy—Construction of Table in.—Where a table referred to in a policy of life insurance shows the length of time for which extended insurance will be given upon the lapse of the policy at certain premium periods, it is not obscure or ambiguous, and will not authorize the application of the rule that where a policy is obscure or ambiguous in its terms, the doubt will be resolved against the company which drew the contract.

GEORGE H. GALLOWAY and WRIGHT & McELROY for appellant.

RICHARDS & HARRIS, SIMS & RODES and DAVID KAY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

On the 22nd of June, 1889, appellee issued to Benjamin F. Cabell, a policy of insurance on the ordinary life plan for $5,000.

Cabell paid the first eighteen premiums on this policy, but failed to pay the premium due June 22nd., 1907, whereupon the policy by its terms lapsed. He died on the 19th day of September, 1909, and this action was instituted by his personal representative on the policy.

The policy as originally issued had certain non-forfeiture provisions, but on the 9th of July, 1898, by written agreement between Cabell and the Company new non-forfeiture provisions, not essentially different, were substituted, and the ones so substituted are as follows, to-wit:

"Non-forfeiture provisions.

"When After Two Full Annual Premiums shall have been paid on this policy, it shall cease or become void solely by the non-payment of any premium when due, its entire net reserve by the American Experience Mortality and interest at four per-cent yearly (provided there be no loan on the policy) shall be applied by the company as a single premium at the company's rates published and in force at this date, either, first, to the purchase of non-participating terms; insurance for the full amount insured by this policy, or, second, upon the written application by the owner of this policy and the surrender thereof to the company at Newark within three months from such non-payment of premium, to the purchase of a non-participating paid-up policy payable at the time this policy would be payable if continued in force. Both kinds of insurance aforesaid will be subject to the same conditions, except as to payment of premiums, as those of this policy. Third, if preferred the company will on surrender of the policy fully receipted within the said three months deduct one per cent of the sum insured by the policy from its entire net reserve by the American Experience Mortality and interest at four and one-half per cent yearly, and pay the remainder of such reserve as a cash surrender value.

"If there be any loan on the policy such indebtedness will be paid off by the company out of the cash surrender value, and, if there be any remainder, a value will be allowed in the form of extended or paid-up insurance as above provided, the amount to be applied to the purchase of such insurance being correspondingly reduced in the ratio of the indebtedness to the full cash surrender thereof; or the remainder of the cash surrender value will be paid in cash, if the original policy be fully surrendered within three months from date of lapse.

"If death shall occur within one year after the non-payment of premium and during the term of extended insurance, there shall be deducted from the amount payable any premium that would have become due on this policy if it had continued in full force, also the amount of any indebtedness on this policy at time of such non-payment of premium.

"The company will at any time while the policy is in full force loan up to the limit secured by its cash surrender value upon a satisfactory assignment of the policy to the company as collateral security.

"The Figures Given in the Following Table are based upon the assumption that all premiums (less current dividends) have been full paid in cash, and that there is no loan on the policy. The loan, if any, may be paid off at any time while the policy is in full force."

The table referred to in the above non-forfeiture provision is as follows, to-wit:

| At end of year | Cash Surrender Value. | In Case of Lapse of Policy | | Paid-up Policy |
|---|---|---|---|---|
| | | Extended Insurance | | |
| | | Years | Days | |
| 2d | | | | |
| 3d | | | | |
| 4th | | | | |
| 5th | | | | |
| 6th | | | | |
| 7th | | | | |
| 8th | | | | |
| 9th | | | | |
| 10th | $657.60 | 9 | 289 | $1,455 |
| 11th | 741.55 | 10 | 103 | 1,590 |
| 12th | 827.65 | 10 | 247 | 1,725 |
| 13th | 915.75 | 10 | 360 | 1,855 |
| 14th | 1,005.75 | 11 | 79 | 1,980 |
| 15th | 1,097.60 | 11 | 139 | 2,105 |
| 20th | 1,579.20 | 11 | 139 | 2,675 |
| 25th | 2,082.90 | 10 | 186 | 3,155 |
| 30th | 2,582.90 | 9 | 87 | 3,550 |
| 35th | 3,051.05 | 7 | 282 | 3,860 |
| 40th | 3,489.70 | 6 | 55 | 4,110 |

It is conceded that the reserve value of the policy at the date it lapsed was $1,502.50, and that Cabell at that time owed the company a debt which with interest amounted to $1,363.43 leaving $139.07 with which to purchase extended insurance under the aforesaid non-forfeiture provisions.

Cabell at the date of the issuance of the policy was 39 years of age, and at the date of its lapse was 57 years of age; the $139.07 will purchase extended insurance for a period sufficient to cover the time which Cabell lived after the lapse of the policy if it be based upon his age at the time of the issuance thereof, but if it be based upon his age at the time of the lapse it will not purchase extended insurance for a sufficient length of time to cover the period between the lapse and his death. So that the vital question to be determined is, under the non-forfeiture provisions quoted, shall the fund be applied to the purchase of extended insurance based upon his age at the time the policy was issued, or upon his age at the time of its lapse.

It is the view of appellant that under the non-forfeiture provisions quoted and the table referred to that it is impossible to tell, without a long and intricate calculation, whether the extended insurance therein provided for is to be based upon the age of the policy holder at the date of the policy or at the date of the lapse; and that for this reason under the well known rule that where there is ambiguity or obscurity in the terms of a life insurance policy whereby it may be fairly given two interpretations, such construction will be given by the courts as will cover the loss; that inasmuch as the policy has been prepared by the company that a liberal construction of its terms as against the company should be indulged.

That this is a general rule, and a wise and beneficent one is not to be denied; but an examination of the policy provisions and the table referred to in this case leaves no such doubt of the meaning as to justify the application of that principle.

To hold in this case that a policy holder of average intelligence could not ascertain from the table referred to how long the extended insurance would be in effect if his policy lapsed at the expiration of any year would be to do violence to the express language of the policy and the figures in that table, and in fact would be to ignore them. The table shows upon its face exactly how many

years and days the policy will be extended if lapsed at the expiration of each premium period, except that it skips the intervening period between 15 and 20 years, but fixes the time of extended insurance at the expiration of the 15th year, the same as it does at the expiration of the 20th year, thereby plainly intending to fix the same period for the years intervening between 15 and 20. Giving the policy that interpretation, at the expiration of the 18th year when the policy lapsed there was in the table an express provision that the extended insurance provided for would then be in existence for 11 years and 139 days if the policy holder owed nothing to the company, and proportionately, after the payment of any such indebtedness.

With this table, clear and plain as it was, specifying the exact number of years and days the extended insurance would continue, it matters not whether the calculation was based upon the age of the assured at the time the policy was issued or his age at the time of the lapse; it is the contract between the parties and must control. Except for that part of the table specifying the number of years and days at the end of each period that the extended insurance would be continued in force, a very different question might be presented. If there was merely a reference to a table which required a long and intricate calculation to ascertain whether the extended insurance was based upon the one period or the other, and such a calculation could not reasonably be expected to be made by a policy holder of ordinary intelligence, it might well be argued that the provisions were so obscure and ambiguous as to authorize the application of the rule invoked by appellant.

Other questions are raised, but the question passed upon is conclusive of the case.

Judgment affirmed